UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHERYL LEWIS ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-12634** |
| **MOUNTAIN LAUREL ASSURANCE. COMPANY ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Plaintiffs Cheryl Lewis and Jeffrey Lewis's Motion to Remand (Doc. 10). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

This action arises out of a motor vehicle collision between Plaintiff Jeffrey Lewis and Defendant Daniel McKenzie. Plaintiffs' Complaint alleges that on September 6, 2018, Mr. Lewis was operating his vehicle when Defendant McKenzie crossed the center line and struck Mr. Lewis's vehicle, causing injuries. Plaintiffs brought suit against Defendants Mountain Laurel Assurance Company; Daniel McKenzie; Geico General Insurance Company; D L Peterson Trust Corp.; Pennsylvania Insurance Company; Resun Modspace, LLC; and Williams Scotsman, Inc. in the 24th Judicial District Court for the Parish of Jefferson. Mr. Lewis brings claims for property damage, pain and suffering, mental anguish and distress, medical expenses, disability, lost

wages and/or loss of earning capacity, and loss of enjoyment of life. Mrs. Lewis brings claims for loss of consortium, loss of service, and loss of society. Defendants Mountain Laurel Assurance Company and McKenzie removed the action on diversity grounds. Plaintiffs responded with the instant Motion to Remand. Defendants did not file any opposition.

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[1] The burden is on the removing party to show "[t]hat federal jurisdiction exists and that removal was proper."[2] When determining whether federal jurisdiction exists, courts consider "[t]he claims in the state court petition as they existed at the time of removal."[3] A defendant must file a Notice of Removal within 30 days after receipt of a plaintiff's "initial pleading setting forth the claim for relief upon which such action or proceeding is based."[4] When a civil action is removed, "all defendants who have been properly joined and served must join in or consent to the removal of the action."[5] District courts must "strictly construe" the removal statute, "and any doubt about the propriety of removal must be resolved in favor of remand."[6] "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[7]

---

[1] 28 U.S.C. § 1441(a).
[2] Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).
[3] *Id.*
[4] 28 U.S.C. § 1446(b)(1).
[5] *Id.* § 1446(b)(2)(A).
[6] Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281–82 (5th Cir. 2007).
[7] 28 U.S.C. § 1447(c).

## LAW AND ANALYSIS

Federal diversity jurisdiction exists when no plaintiff has the same citizenship as any defendant—complete diversity—and the "amount in controversy" exceeds $75,000.[8] Here, Plaintiffs argue that the amount in controversy requirement has not been met. Plaintiffs also argue that not all Defendants joined in or consented to the removal, in contravention of the statutory requirement. Because this Court finds that Plaintiffs' first argument is successful, the Court will not address the second argument.

"Generally, the amount of damages sought in [a plaintiff's state court] petition constitutes the amount in controversy, as long as the pleading was made in good faith."[9] The Court, therefore, must look to the face of Plaintiffs' state court petition in determining the amount in controversy. Where the complaint does not state a specific amount in controversy, a district court is to apply the following analytical framework in evaluating jurisdiction:

> [T]he removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) "by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[10]

Here, Plaintiffs' state court petition does not claim a specific amount of damages, and so the amount in controversy is not "facially apparent."[11]

---

[8] *See* 28 U.S.C. § 1332(a). *See also* Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996) (citing Strawbridge v. Curtiss, 7 U.S. 267, 267 (1806)).

[9] Thompson v. Acceptance Indem. Ins. Co., No. 14-1424, 2014 WL 7369733, at *3 (E.D. La. Dec. 29, 2014).

[10] Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999) (quoting Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995)) (internal citation omitted).

[11] Hall v. State Farm Fire & Cas. Co., No. 17-2048, 2017 WL 2953729, at *2 (E.D. La. July 11, 2017) ("The amount in controversy is not facially apparent from the state court petition, as Plaintiffs [in Louisiana] are not permitted to claim specific amounts of damages.").

Further, Defendants did not file an opposition to Plaintiffs' Motion to Remand. Accordingly, the Court is left with just the Notice of Removal and the facts in Plaintiffs' state court petition to ascertain if the requisite amount is established by a preponderance of the evidence. The Court finds that it is not.

First, Defendants' Notice of Removal provides just a single paragraph about the amount in controversy. This paragraph simply restates the damages that Plaintiffs' raised in their petition and conclusively asserts that, based on those generic damages, "[t]he amount in controversy exceeds the statutory minimum."[12] This Court has previously held that, where a defendant produces no evidence about a plaintiff's injuries and merely relies on plaintiff's generic allegations of damages, the defendant fails to carry its burden of proof to justify removal.[13]

Second, Plaintiffs assert that "during the pre-litigation phase of his claim, Mr. Lewis offered to settle his claim for policy limits ($15,000) with Mountain Laurel, and by extension to not pursue further action against . . . McKenzie."[14] Plaintiffs aver that this demonstrates a "good faith effort on Plaintiffs' part to settle the claim for less than $75,000."[15]

Considering the state court petition, the Notice of Removal, and Plaintiffs' Motion, this Court finds that Defendants fail to carry their burden of proof to demonstrate that the amount in controversy requirement is satisfied. Accordingly, remand of this action is warranted.

---

[12] Doc. 1 at 3.
[13] Sims v. Family Dollar Stores of La., Inc., No. 18-8616, 2019 WL 140853, at *2 (E.D. La. Jan. 8, 2019) ("Defendant has produced no evidence about Plaintiff's injuries in this case. Defendant's focus on Plaintiff's vague allegation of 'permanent disability' and loss of earning capacity in her petition is insufficient to carry its burden of proof to justify removal.").
[14] Doc. 10 at 2.
[15] *Id.*

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand (Doc. 10) is **GRANTED**. This matter is **REMANDED** to the Civil District Court for the Parish of Jefferson.

New Orleans, Louisiana this 21st day of February, 2020.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**